0H783 - C7

**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

| | | |
|---|---|---|
| BAILEE BARRETT<br>6000 London Lancaster Rd<br>Groveport, OH 43125, | ) ) ) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| SEDGWICK CLAIMS MANAGEMENT<br>SERVICES, INC.<br>5500 Glendon Ct #100<br>Dublin, OH 43016, | ) ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve Also:**<br>SEDGWICK CLAIMS<br>MANAGEMENT SERVICES, INC.<br>c/o Corporation Service Company<br>Registered Agent<br>1160 Dublin Road, St 400<br>Columbus, OH 43215 | ) ) ) ) ) ) ) ) | |
| -and- | ) ) | |
| MEGAN EDWARDS<br>c/o Sedgwick Claims Management<br>Services, Inc.<br>5500 Glendon Ct #100<br>Dublin, OH 43016 | ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Bailee Barrett (formerly known as Michaela Barrett), by and through undersigned

counsel, as her Complaint against Defendants, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Barrett is a resident of the city of Groveport, Franklin County, Ohio.

2. Sedgwick Claims Management Services, Inc ("Sedgwick"), is a foreign corporation that does

business at 5500 Glendon Ct, Dublin, Franklin County, Ohio 43016.

OH783 - C8    Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Mar 30 5:28 PM-26CV003023

3. Sedgwick is and, at all times herein, was an employer within the meaning of R.C. § 4112.01(A)(1).

4. Defendant Megan Edwards was at all times herein, an individual in a supervisory or managerial capacity at Sedgwick.

5. Edwards is a resident of the state of Ohio

6. All of the material events alleged in this Complaint occurred in Franklin County.

7. Personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (3)

8. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and (6)

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. On or about January 29, 2026, the EEOC issued a Notice of Right to Sue letter to Barrett regarding Barrett's EEOC Charge

11. Barrett has properly exhausted her administrative remedies pursuant to R.C. § 4112.052.

## FACTS

12. On or about November 18, 2024, Barrett began working for Sedgwick.

13. Sedgwick employed Barrett as a Care Team Representative.

14. Barrett suffers from a traumatic brain injury, bipolar disorder, anxiety, and depression. ("Barrett's Medical Conditions")

15. Barrett's Medical Conditions are physical impairments that substantially limit one or more major life activities, including her ability to focus, communicate, neurological body functions, and work.

16. The symptoms of Barrett's Medical Conditions are severe in highly stressful situations.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Mar 30 5:26 PM-26CV003023

17. As a result of Barrett's Medical Conditions, Barrett is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

18. Barrett disclosed Barrett's Medical Conditions to Sedgwick during the hiring process.

19. Despite Barrett's Medical Conditions, Barrett could perform her essential job duties with a reasonable accommodation.

20. On or about December 12, 2024, Barrett also disclosed Barrett's Medical Conditions to Edwards during a meeting and requested an accommodation ("Accommodation Request").

21. Edwards was Barrett's supervisor.

22. Edwards did not participate in the decision to hire Barrett.

23. Barrett's Accommodation Request included permission to take time off work or leave early in the event her symptoms became severe.

24. Edwards failed to respond to Barrett's Accommodation Request.

25. Barrett's Accommodation Request would not cause Sedgwick an undue hardship.

26. Before denying Barrett's Accommodation Request, Sedgwick did not determine whether Barrett's Accommodation Request would cause Sedgwick an undue hardship.

27. Sedgwick has no contemporaneously created documents reflecting any effort to determine whether Barrett's Accommodation Request would cause an undue hardship.

28. Before denying Barrett's Accommodation Request, Sedgwick did not determine the cost of Barrett's Accommodation Request

29. Sedgwick has no contemporaneously created documents reflecting any effort to determine the cost of Barrett's Accommodation Request.

30. Before denying Barrett's Accommodation Request, Sedgwick did not determine the cost of providing any accommodation besides Barrett's Accommodation Request.

0H783 - C10 Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Mar 30 5:28 PM-26CV003023

31. Sedgwick has no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Barrett's Accommodation Request.

32. Sedgwick did not seek outside funding to cover the cost of any undue financial hardship.

33. Sedgwick has no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

34. Alternatively, Sedgwick did not offer Barrett the opportunity to pay for any financial hardship that would result from Barrett's Accommodation Request.

35. Barrett's Accommodation Request was reasonable.

36. Sedgwick did not engage in any conversation with Barrett for any alternative options for Barrett's Accommodation Request.

37. In response to Barrett's Accommodation Request, Sedgwick failed to participate in any interactive process.

38. Sedgwick did not provide Barrett with an alternative accommodation in response to Barrett's Accommodation Request.

39. Sedgwick did not provide Barrett with the opportunity to pay for any undue financial burden for a disability accommodation.

40. Sedgwick could have provided time off as a reasonable accommodation.

41. In or about late December 2024, Barrett's close friend and mentor was murdered.

42. The traumatic loss of Barrett's close friend and mentor triggered Barrett's Medical Conditions and caused her immense stress.

43. In or about early January 2025, Barrett's friend and former coworker tragically passed away in a car accident.

0H783 - C11

44. The additional loss of Barrett's friend and former coworker further exacerbated Barrett's Medical Conditions.

45. On or about January 27, 2025, Barrett's grief led to seizure activity, which substantially interfered with her ability to perform her job duties.

46. Barrett attempted to perform her job duties to the best of her abilities, but it became clear she could not do so.

47. On or about January 27, 2025, Barrett called Sedgwick's call-off line, explained her seizure activity, and stated that she needed the remainder of the day off per Sedgwick policy.

48. On or about January 29, 2025, rather than engaging in the interactive process and providing Barrett with a reasonable accommodation, Edwards terminated Barrett's employment ("Termination").

49. Defendants' stated basis for termination was Barrett's attendance. ("Stated Basis for Termination")

50. The Stated Basis for Termination did not actually motivate Defendants' decision to terminate Barrett.

51. The Stated Basis for Termination was insufficient to motivate the termination of Barrett.

52. The Stated Basis for Termination was pretext to terminate Barrett.

53. Defendants did not terminate similarly situated employees for reason like the Stated Basis for Termination.

54. Defendants' termination of Barrett's employment was retaliation for Barrett requesting an accommodation for her disability.

55. Defendants terminated Barrett's employment because of Barrett's disability.

56. The Termination of Employment constitutes retaliation.

OH783 - C12 Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Mar 30 5:28 PM-26CV003023

57. The Termination of Employment constitutes disability discrimination.

58. Defendants knowingly terminated Barrett's employment.

59. Defendants knowingly took adverse employment actions against Barrett.

60. Defendants knowingly took adverse actions against Barrett.

61. Defendants intentionally terminated Barrett's employment.

62. Defendants intentionally took adverse employment actions against Barrett.

63. Defendants intentionally took adverse actions against Barrett.

64. Defendants knew that terminating Barrett would cause Barrett harm, including economic harm.

65. Defendants willfully terminated Barrett's employment.

66. There was a causal connection between Barrett's disability and the Termination of Employment.

67. On or about January 29, 2025, Sedgwick terminated Barrett's employment because of her disability.

68. On or about January 29, 2025, Sedgwick terminated Barrett's employment in retaliation for requesting an accommodation.

69. As a result of Defendants' unlawful acts, Barrett has suffered, and will continue to suffer, pecuniary harm.

70. As a result of Defendants' unlawful acts, Barrett has suffered, and will continue to suffer, emotional distress.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. 4112.02(A).
### (Against Defendant Sedgwick)

71. Barrett restates each and every prior paragraph of this Complaint as if fully restated herein.

Case: 2:26-cv-00537-SDM-SCS Doc #: 3 Filed: 05/04/26 Page: 7 of 10 PAGEID #: 48

Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Mar 30 5:28 PM-26CV003023

72. Sedgwick treated Barrett differently than other similarly-situated employees based on her disabling condition.

73. Sedgwick treated Barrett differently than other similarly-situated employees based on her perceived disabling condition.

74. On or about January 29, 2025, Sedgwick terminated Barrett's employment without just cause.

75. Sedgwick terminated Barrett's employment based on her disability.

76. Sedgwick terminated Barrett's employment based on her perceived disability.

77. Sedgwick violated R.C. § 4112.02 when it discharged Barrett based on her disability.

78. Sedgwick violated R.C. § 4112.02 when it discharged Barrett based on her perceived disability.

79. Sedgwick violated R.C. § 4112.02 by discriminating against Barrett based on her disabling condition.

80. Sedgwick violated R.C. § 4112.02 by discriminating against Barrett based on her perceived disabling condition.

81. As a direct and proximate result of Sedgwick's conduct, Barrett suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT II: FAILURE TO ACCOMMODATE UNDER R.C. 4112.02(A).
**(Against Defendant Sedgwick)**

82. Barrett restates each and every prior paragraph of this Complaint as if fully restated herein.

83. Barrett informed Sedgwick of her disabling condition.

84. Barrett requested accommodations from Sedgwick to assist with her disabilities including taking time off work.

85. Barrett's requested accommodations were reasonable.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Mar 30 5:28 PM-26CV003023

0H783 - C14

86. There was an accommodation available that would have been effective and would not have posed an undue hardship to Sedgwick.

87. Sedgwick failed to engage in the interactive process of determining whether Barrett needed an accommodation.

88. Sedgwick failed to provide an accommodation.

89. Sedgwick violated R.C. § 4112.02 by failing to provide Barrett a reasonable accommodation.

90. As a direct and proximate result of Sedgwick's conduct, Barrett suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT III: RETALIATION IN VIOLATION OF R.C. 4112.02(I).
### (Against All Defendants)

91. Barrett restates each and every prior paragraph of this complaint, as if it were fully restated herein.

92. Barrett requested a disability accommodation.

93. Subsequent to Barrett requesting a disability accommodation, Defendants terminated her employment.

94. Defendants' actions were retaliatory in nature based on Barrett's protected activity.

95. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

96. As a direct and proximate result of Defendants' conduct, Barrett suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT IV: UNLAWFUL AIDING, ABETTING, AND INCITING OF
### DISCRIMINATION
### (Against Defendant Edwards)

97. Barrett restates each and every prior paragraph of this Complaint as if fully restated herein.

OH783 - C15

98. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

99. Edwards aided, abetted, incited, coerced, and/or compelled Sedgwick's discriminatory termination of Barrett's employment.

100. Edwards aided, abetted, incited, coerced, and/or compelled Sedgwick's discriminatory treatment of Barrett.

101. Edwards violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

102. As a direct and proximate result of Edwards' conduct, Barrett has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Barrett respectfully requests that this Honorable Court grant the following relief:

(a) An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated;

(b) An award of damages totaling in excess of $25,000 for the following:

    a. An award of damages in an amount to be determined during the proceedings, plus prejudgment interest, to compensate Barrett for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

    b. An award of damages in an amount to be determined during the proceedings, plus prejudgment interest, to compensate Barrett for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

OH783 – C16 Franklin County Ohio Clerk of Courts of the Common Pleas- 2026 Mar 30 5:28 PM-26CV003023

c.  An award of damages in an amount to be determined during the proceedings, plus prejudgment interest, to compensate Barrett for harm to her professional and personal reputation and loss of career fulfillment;

d.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Barrett in an amount to be determined during the proceedings, plus pre-award interest;

(c)  An award of punitive damages in excess of $25,000;

(d)  An award of costs that Barrett has incurred in his action, as well as Barrett's reasonable attorneys' fees to the fullest extent permitted by law; and

(e)  Awarding such other and further relief that the Court deems necessary and proper.

Respectfully submitted,

*/s/ Paul Filippelli*
Paul Filippelli (0097085)
Patrick Aguilar (0104352)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: paul.filippelli@spitzlawfirm.com
            patrick.aguilar@spitzlawfirm.com

*Attorneys for Plaintiff Bailee Barrett*

## JURY DEMAND

Plaintiff Barrett demands a trial by jury by the maximum number of jurors permitted.

*/s/ Paul Filippelli*
Paul Filippelli (0097085)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

10